**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

——————————

**No. 22-4167**

——————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS ISAIAH CURRY,

Defendant - Appellant.

——————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:20-cr-00183-MOC-DCK-1)

——————————

Submitted:  May 31, 2024                                        Decided:  July 16, 2024

——————————

Before HARRIS and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

——————————

Affirmed by unpublished per curiam opinion.

——————————

**ON BRIEF**: Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

——————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Isaiah Curry was convicted following a jury trial of four counts of distribution of and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Curry to a total term of 360 months' imprisonment, which included a 300-month term on the drug convictions, a concurrent 120-month term on the § 922(g) firearm conviction, and a consecutive 60-month term on the § 924(c) firearm conviction.  On appeal, Curry argues that (1) the district court violated his Sixth Amendment rights under the Confrontation Clause by admitting at trial certain statements made by a confidential informant ("CI"), (2) the evidence was insufficient to sustain his firearm convictions, and (3) the court imposed a substantively unreasonable sentence.  For the following reasons, we affirm.

The Confrontation Clause "bars the admission of 'testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'"  *United States v. Dargan*, 738 F.3d 643, 650 (4th Cir. 2013) (quoting *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004)).  The Confrontation Clause "does not, however, bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."  *United States v. Jordan*, 952 F.3d 160, 168 (4th Cir. 2020) (internal quotation marks omitted).  Furthermore, "recorded statements of non-testifying informants . . . may be used at trial consistent with

2

the Confrontation Clause so long as they are offered only to provide context for the defendant's own statements, and not for the truth of the matter asserted." *Id*. Because Curry did not challenge the CI's testimony on this ground at trial (instead objecting only on hearsay grounds), review is for plain error. *See United States v. Keita*, 742 F.3d 184, 189 (4th Cir. 2014). Based on these principles, we conclude that the district court's admission of the challenged statements and recordings did not amount to plain error in violation of the Confrontation Clause.

Turning to Curry's challenges to the sufficiency of the evidence supporting his firearm convictions, "[w]e review [these claims] de novo, sustaining the verdict if, viewing the evidence in the light most favorable to the Government, it is supported by substantial evidence." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 175 (2023). "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022) (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence to support his conviction faces "a heavy burden, and reversal is warranted only where the prosecution's failure is clear." *Wysinger*, 64 F.4th at 211 (internal quotation marks omitted). "We do not reweigh the evidence or the credibility of witnesses, but assume that the jury resolved all contradictions in the testimony in favor of the Government." *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021) (internal quotation marks omitted); *see Wysinger*, 64 F.4th at 211; *Robinson*, 55 F.4th at 404.

3

We have reviewed the record and conclude that substantial evidence supports Curry's firearm convictions.  To prove that Curry possessed a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1), the Government must prove "that (1) [Curry] was a convicted felon, (2) [he] knew he was a felon, (3) [he] knowingly possessed a firearm . . ., and (4) the firearm . . . had traveled in interstate or foreign commerce." *United States v. Hicks*, 64 F.4th 546, 553 (4th Cir. 2023).  Curry challenges only the possession element of this offense.

"Knowing possession of a firearm . . . can be actual or constructive."  *Id*. Constructive possession of contraband may be established by a person's "ownership, dominion, or control over the contraband or the premises . . . in which the contraband was concealed" and that person's "knowledge of the presence of the contraband." *Id.* (internal quotation marks omitted).  Accordingly, "[c]ontraband found in a defendant's residence permits an inference of constructive possession." *Id.* (internal quotation marks omitted).

Based on these principles and the facts taken together and viewed in a light most favorable to the Government, substantial evidence supported the jury's finding that, for the purposes of § 922(g), Curry knowingly possessed the firearms found during the execution of the search warrant for the apartment that Curry shared with his girlfriend.  Indeed, when officers searched the apartment, they found an assault rifle in an easily accessible area under the bed and a loaded revolver in a men's jacket in the hall closet, and Curry was the only adult male residing in that apartment.  Furthermore, officers observed Curry entering or exiting the hallway leading to the apartment every day for weeks before they executed the search and found various identifying documents in the apartment that connected the

4

residence to Curry, supporting the inference that Curry had dominion and control over the premises.

To prove that Curry violated 18 U.S.C. § 924(c)(1), the Government had to establish that he "(1) committed a drug trafficking offense and (2) possessed a firearm (3) in furtherance of that drug offense." *United States v. Moody*, 2 F.4th 180, 192 (4th Cir. 2021). The evidence supports the inference that Curry possessed the firearms recovered in his residence. Therefore, the only remaining question is whether he possessed the firearms to further a drug trafficking offense.

This question "is ultimately a factual" one—accordingly, "the fact finder is free to consider the numerous ways in which a firearm might further or advance drug trafficking." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). Some of the factors we consider when determining whether a connection exists between a defendant's firearm possession and his drug trafficking activity include: "the type of drug offense, the type of firearm, its proximity to drugs and drug profits, its accessibility, whether the firearm is illegally possessed, whether the firearm is stolen, whether the firearm is loaded, and the general circumstances surrounding the possession." *Moody*, 2 F.4th at 192. Ultimately, "[f]inding drugs and firearms in a residence used to sell drugs supports a finding that the firearms were being used in furtherance of a drug trafficking crime." *United States v. Hardy*, 999 F.3d 250, 257 (4th Cir. 2021). Based on these principles and the facts of the case, we conclude that substantial evidence supported the jury's verdict as to the § 924(c) offense.

We turn finally to Curry's challenge to the reasonableness of his sentence. We "review[] all sentences—whether inside, just outside, or significantly outside the

5

[Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id*. (internal quotation marks omitted). We have confirmed that Curry's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

Where, as here, a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*

Curry argues that his sentence is substantively unreasonable because the district court did not give appropriate weight or consideration to certain factors in his personal history. However, the record shows that the district court considered the sentencing factors raised by defense counsel and ultimately granted a downward variance on the drug convictions in light of those and other factors. Contrary to Curry's assertion, the court properly balanced the factors on which Curry relied against those proffered by the

6

Government, including the nature and circumstances of Curry's offenses and criminal history, to arrive at the sentence imposed.  Our review convinces us that the district court carefully evaluated the § 3553(a) factors and gave due consideration to the relevant factors when imposing its sentence.  In light of the "extremely broad discretion" afforded to a district court "when determining the weight to be given each of the § 3553(a) factors" in imposing sentence, *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), Curry fails to rebut the presumption of reasonableness afforded his below-Guidelines sentence. Accordingly, we conclude that Curry's sentence is reasonable.

We therefore affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*